ADDIE MOORE v. DISPATCH PRINTING COMPANY.[1]

November 21, 1902.

Nos. 13,204—(65).

**Libel—Question for Jury.**

A certain publication in reference to the prosecution of a criminal action and plaintiff's conduct in connection with the trial *held* to be libelous per se in so far as it contained certain inferences from the alleged facts, and that it was a question for the jury to determine whether such inferences were justified by the facts stated, and whether the same were published in good faith as an item of news. The court erred in directing a verdict for defendant.

[1] Reported in 92 N. W. 396.

Action in the district court for Ramsey county to recover $6,000 for libel. The case was tried before Jaggard, J., who directed a, verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*Charles G. Van Wert, J. M. Hawthorne* and *Wm. B. McIntyre,* for appellant.

The allegation in the answer that the publication was made as an item of news for the public benefit does not make it a privileged communication. Mallory v. Pioneer Press Co., 34 Minn. 521; Trebby v. Transcript Pub. Co., 74 Minn. 84. The defendant does not in its answer plead the truth of the article in justification or in mitigation of damages, except that the matters stated in said news item actually took place. There is no allegation of mitigating circumstances. ·G. S. 1894, § 5258; Newell, Sland. & L. 657, note 10. The court erred in receiving evidence of what was said in the court room about plaintiff's sanity. A justification pleaded must be as broad as the charge which it seeks to justify. 13 Enc. Pl. & Pr. 84; Thompson v. Pioneer Press Co., 37 Minn. 285, 294; Trebby v. Transcript Pub. Co., supra.

*Munn & Thygeson,* for respondent.

LEWIS, J.

Action for libel for the publication of an article headed as follows:

## "WAS READY TO FIRE.

"MRS. ADDIE MOORE FURNISHED A SENSATIONAL ENDING TO A POLICE COURT CASE — CARRIED CONCEALED GUN — IT IS CHARGED THAT SHE INTENDED TO SHOOT EDWARD SLOCUM, A YOUNG MINNEAPOLIS LAW STUDENT—MRS. MOORE HAD CHARGED SLOCUM WITH SLANDER—TESTIMONY BY MEMBERS OF THE STATE LAW EXAMINING BOARD—JUDGE HINE DISMISSED THE CHARGE, AND AT THIS MRS. MOORE BECAME EXCITED—CARRIED THE REVOLVER IN A BAG, AND IT WAS READY COCKED—HER SUSPICIOUS ACTIONS LED TO THE DISCOVERY OF THE PISTOL AND HER ARREST."

The article is too long to be here inserted in full, but it consists in part of a report of a trial in the municipal court, wherein

Slocum was charged with having slandered plaintiff, and, in part, of running comments upon the conduct of plaintiff in connection with the trial, the substance of which was that plaintiff carried a loaded revolver in a hand bag for the purpose of killing Slocum, and that it was necessary for him to keep out of her way; that her actions were suspicious; that the disarming of the woman was the sequel to a series of sensational episodes, in which several prominent people were directly or indirectly concerned; that it was very likely that a charge of threatening to kill would be placed against the woman, as it was rumored around the corridors that threats to that effect had been overheard by Slocum and his attorney; that there were many who expressed doubts as to the woman's sanity; and other inferences unnecessary to state.

The answer consisted of an admission of the publication of the article, and alleged as follows:

"Defendant further alleges that on the 13th day of June, 1898, a certain trial took place in the criminal branch of the municipal court of the city of St. Paul, in the state of Minnesota, in which trial the said Addie Moore was the complaining witness and Edward Slocum was the defendant; that the matter stated in said complaint as having been published by the said defendant, and which the said defendant admits having published, was and is a correct report of and comment on said trial, and the proceedings thereon and the incidents connected therewith, and that the matters stated in said news item actually took place; that the said St. Paul Dispatch is published daily by this defendant, and that the matter complained of was published by the said defendant as an item of news for the public benefit, in good faith, and without malice, and in the usual course of the defendant's business as the owner and publisher of said newspaper, and not otherwise."

This answer may be accepted as a sufficient allegation that respondent was justified in the publication upon the ground that the matters therein contained were of public interest in that they pertain to a public trial.

At the close of the case, counsel for respondent requested the court to instruct the jury to return a verdict for respondent upon the following grounds: First, that there was no evidence in the case to sustain the charge of libel; second, that it appeared that

the article complained of was a fair and truthful statement of what transpired in the courtroom; third, that there was no evidence in the case showing either actual or implied malice, and that there was no evidence of any damage to plaintiff. The court so instructed the jury, and plaintiff appealed from an order refusing to grant a new trial.

In so far as the article contained a correct report of the proceedings of the trial, and a statement of what actually occurred between the parties in such trial, it was privileged. The incidents connected with a public trial are generally of such importance that the public press is justified in giving an account thereof, and, if such publication is confined to the actual facts, and is published in good faith as an item of news, the parties directly interested have no cause to complain. Without attempting at this time to define what would be the limit to which the press would be permitted to go, we are satisfied that, so far as this case is concerned, the mere recitation of the actual incidents referred to was permissible.

But the article in question is not confined to a recital of actual facts. There is added the inference and innuendo that the facts justify certain conclusions, and, unless the bare statement of the facts as published warrants the inferences drawn by the writer, and none other, then respondent is called upon to prove the truth of such interpretation. The article was libelous per se. Malice was implied, and the burden was upon respondent not only to show that it was justified in the insinuations made, but also that there was no malice, and that the publication was made in good faith.

We cannot say, from the evidence, that appellant, at the most, would be entitled to only nominal damages. The conduct of the appellant, and the circumstances surrounding the trial, were proper for the jury to consider in mitigation of damages and in determining whether the inferences made were justified, and were made in good faith, in the pursuance of respondent's duty in furnishing the public with items of news in respect to current

events; but it cannot be said that the evidence is of that conclusive character that no verdict would be sustained in her favor.

Order reversed, and new trial granted.